UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SANDRA K. UNDERWOOD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:11-CV-354-JD-PRC ) |
| CAROLYN W. COLVIN, *Acting Commissioner of Social Security*, | ) ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Sandra Underwood filed a complaint on September 26, 2011 [DE 1] seeking review of the final decision of the Defendant, the Commissioner of Social Security, to deny her applications for benefits. With the filing of the opening brief [DE 16], response brief [DE 19], and reply brief [DE 20], the matter became ripe for a decision, and on February 26, 2013, this court issued an opinion and order finding that remand was warranted. [DE 23]. On March 14, 2013, within the 28 days following the entry of judgment, the Commissioner filed a timely motion to alter the judgment. [DE 25]. For the reasons stated herein, that motion is denied.

The Commissioner's motion is brought pursuant to Federal Rule of Civil Procedure 59(e). Altering or amending a judgment through Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Rule 59 motions are for the limited purpose of correcting a "manifest error," and "[a] 'manifest error' is not demonstrated by the disappointment of the losing party"; rather, "[i]t is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th

1

Cir. 2000) (citation and internal quotations omitted). A Rule 59(e) motion should only be granted where the court has misunderstood a party, made an error of apprehension (not reasoning), where a significant change in the law occurred, or where significant new facts have been discovered. *Id*. (citing *Nerds On Call, Inc. (Ind.) v. Nerds On Call, Inc. (Cal.)*, 598 F.Supp.2d 910, 916 (S.D.Ind. 2008)). Facts and arguments that the court has already considered and rejected should properly be directed to the Court of Appeals. *Id*.

There is no basis for altering the judgment in this case. The Commissioner takes issue with the following portion of this court's opinion:

> Finally, Underwood argues that the ALJ erred by not specifically including Underwood's mental limitations in her RFC. [DE 16 at 14]. In the hearing, the ALJ noted that he believed Underwood suffered from mild depression. [R 50]. He also noted that her medication and her pain would cause mild distraction. [R 50]. In his opinion, he concluded that Underwood suffered from mild limitations on concentration, persistence, and pace due to her pain and depression. [R 66-67]. However, the ALJ included no such limitations in Underwood's RFC finding. [R 71]. An ALJ must include all of a claimant's mental limitations in that claimant's RFC, even if some of the limitations derive from impairments that are not severe. 20 C.F.R. § 404.1545(a)(2).
>
> The Commissioner argues that the ALJ did not err by omitting Underwood's mental limitations from her RFC because the ALJ reasonably accommodated these limitations by limiting Underwood to unskilled work. [DE 19 at 10]. However, "unskilled work" is defined by regulation as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a). Restricting a claimant's RFC to unskilled work does not always address the impact of the claimant's mental limitations on concentration, persistence, and pace, as the Court will discuss in more detail hereafter. *See Jelinek v. Astrue*, 662 F.3d 805, 813-14 (7th Cir. 2011). Moreover, although the ALJ's RFC finding must only include the physical and mental limitations the ALJ deems credible, *Id.* at 813, the ALJ here concluded that Underwood's mental limitations, stemming from mild depression and pain, were, in fact, credible. [R 50, 66-67]. On these facts, the ALJ's decision to limit Underwood to unskilled work, rather than including her mental limitations into her RFC specifically or incorporating them properly by proxy, was in error. Accordingly, the matter should be remanded back to the ALJ to properly assess Underwood's mental limitations and their affect on her RFC. *Jelinek*, 662 F.3d at 814.

2

[DE 23 at 22-23]. The Commissioner's argument begins as a semantic one. She points out – correctly – that the language of § 404.1545(a)(2) says the ALJ will "consider," not necessarily "include," a claimant's non-severe impairments when determining the RFC.[1] Next, the Commissioner argues that "mild" limitations in concentration, persistence and pace (unlike "significant" limitations) *are* adequately accounted for by a finding that the claimant is limited to unskilled work [DE 25 at 3]; and that the ALJ's decision should therefore have been upheld.

The Commissioner is incorrect for several reasons. While it is true that the ALJ need not specifically include limitations on concentration, persistence and pace in the RFC finding – a rule which this court did acknowledge in its previous order [DE 23 at 24] – the requirement that the ALJ "consider" such limitations has certainly been interpreted to mean that a real "evaluation" of the effect of those limitations on the claimant's ability to work must take place. *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009) (citing *Golambiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003)). The ALJ did not do that, here. After finding mild limitations on concentration, persistence and pace, the ALJ did not include those findings in the RFC; did not explain why or how those findings were incorporated into the RFC as otherwise written; and in fact did not give *any* indication that those findings were considered or evaluated at all in arriving at the RFC. This court's order was not, and is not, a suggestion that there is no *possible* logical basis for concluding that the mild limitations suffered by the claimant do not impair her ability to work. It was a remand to find out just what that logical basis was, because the ALJ did not provide it in the decision as currently written. As the claimant rightfully observes, "[t]he ALJ is not required to mention every piece of evidence but must

---

[1] The relevant section states, "We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' as explained in §§ 404.1520(c), 404.1521, and 404.1523, when we assess your residual functional capacity."

3

provide an 'accurate and logical bridge' between the evidence and the conclusion that the claimant is not disabled, so that 'as a reviewing court, we may assess the validity of the agency's ultimate findings and afford [the] claimant meaningful judicial review.'" *Craft v. Astrue*, 539 F.3d 668, 673 (quoting *Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004)). The mental limitation finding in this case was made at step two, and then it simply vanished from the remainder of the decision. This court cannot evaluate why that occurred or whether it was proper when the ALJ provides no "bridge" from the finding to its later exclusion.

The Commissioner attempts to correct the obvious deficiency by arguing *post-hoc* that the limitations were accounted for in the RFC by the limitation to "unskilled work." The first and most glaring problem with this argument is that it is based on a fact that does not exist. The ALJ's RFC finding did not limit the claimant to unskilled work. The ALJ concluded:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). Claimant can: lift/carry 15 pounds occasionally and 10 pounds frequently; sit for six hours in an eight hour workday; stand/walk for two hours in an eight hour workday. She has the restrictions that she must not work with ladders/ropes/scaffolds. She can only occasionally stoop, squat, crouch, crawl, [kneel] and balance. She also has the restrictions that she must avoid concentrated exposure to temperature extremes, fumes, odors, dusts, gases, poor ventilation, etc. and she must also avoid working with hazards such as machinery and at heights.

[R 71]. The ALJ did limit the claimant to reduced "light work,"[2] but "light work" and "unskilled work"[3] are two very different things. One represents a low level of physical exertion, and the other represents a low level of mental complexity. In fact, *all* of the listed limitations – posturals, exposures, etc. – go to the claimant's *physical* difficulties, and none account for her mental difficulties in any way. The Commissioner's confusion over whether a limitation to unskilled work was included is to some extent understandable, because the ALJ did limit the claimant to unskilled work in certain of the hypotheticals posed to the Vocational Expert. [R 50]. But that limitation apparently did not make it into the RFC finding. That is why the court only briefly referenced it in the RFC section of its previous order, preferring to "discuss in more detail [t]hereafter" when addressing the challenge to the VE's testimony. [DE 23 at 23]. Since no limitation to unskilled work was made, such a limitation clearly cannot save the ALJ's decision in this case.

Moreover, even if a limitation to unskilled work *was* included in the RFC, that is not a cure-all for these situations. The Commissioner acknowledges that restricting a claimant's RFC to unskilled work does not always address the impact of the claimant's mental limitations on concentration, persistence and pace, a proposition which finds a great deal of support in the case law. But the Commissioner believes a line can be drawn between "significant" limitations, which

---

[2] "Light work" involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 CFR § 404.1567(b) (section titled "physical exertion requirements").

[3] "Unskilled work" is "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength. For example, we consider jobs unskilled if the primary work duties are handling, feeding and offbearing (that is, placing or removing materials from machines which are automatic or operated by others), or machine tending, and a person can usually learn to do the job in 30 days, and little specific vocational preparation and judgment are needed. A person does not gain work skills by doing unskilled jobs." 20 CFR § 404.1568(b) (section titled "skill requirements").

are not encompassed by a restriction to unskilled work, and "mild" limitations like those found in this case, which are. [DE 25 at 3]. That argument suggests a misunderstanding of social security regulations and of the case law. It is not clear what the Commissioner means by "significant" limitations. "Significant" is not a term of art; when the ALJ classifies limitations in the first three areas of functioning (which includes concentration, persistence and pace), he uses "the following five-point scale: None, mild, moderate, marked, and extreme." 20 CFR § 404.1520a(c)(4). It is impossible to say which of the five categories are "significant" in the eyes of the Commissioner, especially because she cites no case law, statute, or regulations section to support the distinction she draws in her brief. But it is worth noting that *O'Connor-Spinner v. Astrue*, 627 F.3d 614 (7th Cir. 2010), arguably the seminal case in this area, itself dealt with only "moderate" limitations. The same goes for *Jelinek v. Astrue*, 662 F.3d 805, 813-14 (7th Cir. 2011).

This court's considered understanding of those cases, and others like them, is that it is not the formulaic "level" of impairment which determines whether a proxy restriction – like a restriction to unskilled work – can adequately account for a claimant's limited mental capacity. As the court explained when dealing with the Vocational Expert issue in its initial order [DE 23 at 25-26], it has more to do with the nature of the specific mental limitations affecting that claimant: how those limitations are triggered, how they are assuaged, etc. For example, if Underwood's mild limitations on concentration, persistence and pace were caused only by an identifiable external stressor, like exposure to certain of the pollutants which the RFC did exclude, then the *O'Connor-Spinner* line of cases might not require any additional restrictions or even any specifically-tailored evaluation, even though the RFC finding did not *explicitly* account for the mild limitations on concentration, persistence and pace. *See, e.g., Johansen v. Barnhart*, 314 F.3d 283 (7th Cir. 2002) (limitation to

"repetitive, low-stress work" was sufficient where claimant's moderate limitations on concentration, persistence, and pace resulted from a panic disorder that would not be triggered by such work); *Arnold v. Barnhart*, 473 F.3d 816 (7th Cir. 2007) (limitation to "low-stress" work accounted for difficulties with concentration, persistence, and pace where those difficulties were triggered by stress-induced headaches). But there is no indication in *this* case's record that the ALJ's RFC accounted for *this* claimant's limitations in such a way. Moreover, this discussion is purely hypothetical; the ALJ never *made* the restriction to unskilled work which the Commissioner argues would address these mental limitations.

In conclusion, there is no reason to alter the judgment in this case. None of the Commissioner's arguments are persuasive. Even if it would have been more precise to say the ALJ should have "considered," rather than "included," the limitations on concentration, persistence and pace in the RFC, the ALJ plainly did neither, making it a moot point. Furthermore, a restriction to unskilled work does not save the ALJ's decision because the ALJ did not include any such restriction. Even if he had, that alone would not necessarily resolve the deficiency. The court understands the Commissioner's desire to obtain clarification on what has become a "hot-button" issue for Social Security litigation in recent years, but this particular case is not difficult. More is required than what the ALJ provided, and the Commissioner's motion [DE 25] is **DENIED**.

SO ORDERED.

ENTERED:  May 30, 2013

                                             /s/ JON E. DEGUILIO
                                          Judge
                                          United States District Court